**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| CHARLES ALEXANDER, Individually and on behalf of all others similarly situated, | : : : | **Civil Action No. 26-01705 (SRC)** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | |
| QUALITY CARRIERS, INC., CHRISTOPHER GEORGE SILVA; ABC CORPS. 1-10, and JOHN/JANE DOES 1-10, | : : : : | |
| Defendants. | : : | |

**CHESLER, District Judge**

This matter comes before the Court on a Motion to Transfer Venue (the "Motion") submitted by Defendants Quality Carriers, Inc. and Christopher George Silva, ("Defendants"). (Dkt. No. 10).   Plaintiff filed opposition to the Motion.   (Dkt. No. 20).   Defendants filed a reply in further support of the Motion.   (Dkt. No. 21).   Plaintiff filed a motion for leave to sur-reply in opposition to the Motion, and Defendants did not oppose.   (Dkt. No. 22).   For the reasons set forth below, Defendants' Motion is **GRANTED**.

**I.      PROCEDURAL HISTORY**

On December 11, 2025, Plaintiff filed a Class Action Complaint against Defendants in the Superior Court of New Jersey, Law Division, Union County.   (Dkt. No. 1).   Defendant Quality Carriers, Inc. filed a Notice of Removal on February 20, 2026 alleging original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and the case was removed to this Court.   *Id.*

1

On February 27, 2026, Defendants filed the instant Motion to Transfer Venue.  (Dkt. No. 10 ("Mot.")).   Plaintiff filed opposition on April 6, 2026.  (Dkt. No. 20 ("Opp.")).   Defendants filed a reply in further support of the Motion on April 13, 2026.  (Dkt. No. 21 ("Reply")).  Plaintiff filed a motion for leave to sur-reply in opposition to the Motion, and Defendants did not oppose.   ("Sur." (Dkt. No. 22)).

Through their Motion, Defendants seek to transfer venue to the United States District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1404(a).

## II.    FACTUAL BACKGROUND

The underlying complaint arises from Plaintiff's class action against Defendants alleging violations of New Jersey wage-and-hour laws arising from his classification as an independent contractor.   Plaintiff filed a Class Action Complaint in the Superior Court of New Jersey, Law Division, Union County on December 11, 2025.   (ECF No. 1-1.)   The Complaint requests recovery on behalf of a proposed class of purportedly similarly situated individuals whom Plaintiff defines as "[a]ll individuals who performed delivery services for Quality Carriers who were based in New Jersey and classified by Quality Carriers as an independent contractor from December 2019 through to the present."   *Id.* at ¶ 10.   Defendants removed this action to this Court on February 20, 2026.   (ECF No. 1).

As part of Plaintiff's services for Defendant, Plaintiff entered into an Independent Contractor Agreement ("Agreement") with Quality Carriers, Inc. with a "Governing Law" and forum-selection provision that states as follows:

> "THE PARTIES AGREE THAT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT, OR WITH RESPECT TO ANY ASPECT OF THE RELATIONSHIP BETWEEN THE PARTIES, WHETHER

2

> UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), MUST BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING HILLSBOROUGH COUNTY, FLORIDA. THE PARTIES IRREVOCABLY SUBMIT TO THE PERSONAL AND SUBJECT MATTER JURISDICTION OF SAID COURTS."

Agreement, § 16.01

Now, relying on the forum-selection clause, Defendant filed the instant motion seeking to transfer the matter to the United States District Court for the Middle District of Florida.

## III.   LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action..." 28 U.S.C. § 1404(a).   Ordinarily, courts balance private and public interest factors identified in *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

However, where the parties have agreed to a valid forum-selection clause, the analysis is modified under *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49 (2013).   In such cases, the plaintiff's choice of forum merits no weight, and the parties' private interests are deemed to weigh entirely in favor of the preselected forum.   *Id.* at 64.   The burden shifts to the party opposing transfer to show that public-interest factors overwhelmingly disfavor transfer.   *Id.* at 63.   Because such factors "will rarely defeat a transfer motion," a valid forum-selection clause should be enforced in all but the most unusual cases.   *Id.* at 51.

## IV.   MOTION TO TRANSFER VENUE

Defendants argue that the parties' forum-selection clause is valid and the action should be transferred to the Middle District of Florida because (1) the forum-selection clause is mandatory;

3

(2) the clause encompasses the claims asserted by Plaintiff in this action; (3) the public interest considerations weigh in favor of having the case decided in the Middle District of Florida; and (4) the inclusion of co-Defendant Silva does not alter the analysis.   Mot. at 5.

### a. The Forum-Selection Clause is Mandatory

The first step of the Court's inquiry is to determine whether the forum-selection clause is mandatory or permissive.  *Selective Way Ins. Co. v. Glasstech, Inc.*, 191 F. Supp. 3d 350, 360 (D.N.J. 2016).   The language of the forum-selection clause makes it clear that state or federal courts of Hillsborough County, Florida constitute the exclusive forum for any litigation arising out of the Agreement.   Indeed, the forum-selection clause states as follows: "the parties agree that any claim or dispute arising from or in connection with this agreement… **must** be brought **exclusively** in the state or federal courts serving Hillsborough County, Florida." Agreement, § 16.01 (emphasis added).   The Court notes that Plaintiff does not dispute that the forum-selection clause is mandatory.   Thus, the Court finds that the forum-selection clause is mandatory.

### b. The Clause Encompasses the Claims Asserted by Plaintiff in This Action

The next step of the Court's inquiry is to determine whether the dispute falls within the scope of the forum-selection clause.   Plaintiff makes no argument to contend that his claims do not fall within the scope of those anticipated by the forum-selection clause.   Further, the Agreement clearly states that the "any claim or dispute arising from or in connection with" the Agreement shall be brought in Hillsborough County, Florida.   Thus, the Court finds that Plaintiff's claims come within the scope of the forum-selection clause found in the Agreement.

### c. The Public Interest Considerations Do Not Weigh In Favor of Having the Case Decided in the District of New Jersey

Now that the Court has established that there is a valid forum-selection clause, the Court's

analysis shifts to consider whether public interest factors support denying a motion to transfer venue.  Ordinarily, courts balance private and public factors, however, where the parties have consented to a valid forum-selection clause, the parties' private interests are not properly considered, and instead public interest factors are the sole consideration.  *Atlantic Marine*, 571 U.S. at 62-65.  Plaintiff bears the burden of establishing why the Court should not transfer the case to the forum agreed to in the forum-selection clause.  *Id.*

In this instance, Plaintiff has failed to meet its burden.  Plaintiff's primary argument is that New Jersey's wage statutes embody fundamental public policies, and that transfer should be denied because a Florida court may later apply Florida law, and doing so could limit Plaintiff's remedies.  (Opp. at 13-14).  This argument is premature, however, as under *Atlantic Marine*, the Court's inquiry at this stage is limited to whether there is a valid forum-selection clause and, once established, whether public interest considerations would warrant denying transfer.  571 U.S. at 62-66.  The ultimate question of choice-of-law is to be decided by the transferee court, not the transferor.  *Id.*  As Defendant correctly notes, Plaintiff's argument conflates two distinct inquiries.  First, whether the forum-selection clause should be enforced.  Second, which substantive law should then govern the matter.  Plaintiff prematurely asks this Court to resolve the second question before the first, which, in effect, "puts the cart (whether the contract is valid) before the horse (where that question will be answered)." *Gafner v. Oasis Legal Fin., LLC*, 2024 WL 1190741, at *2 (D.N.J. Mar. 19, 2024).

Thus, Plaintiff fails to meet the heavy burden of establishing that there is anything "exceptional" or "unusual" about this matter and fails to identify compelling public interest factors that support denial of transfer despite a valid mandatory forum-selection clause.  *See Collins On*

*behalf of herself v. Mary Kay, Inc*., 874 F.3d 176, 187 (3d Cir. 2017).   Nor is the Court able to

identify any public interest factors that would support the same.   Accordingly, the Court finds that

public interest considerations do not weigh in favor of having the case decided in the District of

New Jersey.

### d.  The Inclusion of Defendant Silva Does Not Alter the Analysis

Plaintiff named as a co-Defendant Christopher George Silva, Terminal Manager for

Quality Carriers at its New Jersey facility.   Compl. ¶¶ 5, 26-30.   Silva was not a signatory to the

Agreement that contains the forum-selection clause.   Plaintiff argues that Silva's lack of signature

precludes him from availing himself of the forum-selection clause as he was neither a signatory

nor a third-party beneficiary.   (Opp. at 17).   Plaintiff further argues that Silva is a New Jersey

resident and is employed in the state, thus there is local interest in holding him accountable for

alleged violations of wage and hour laws in New Jersey.[1]   *Id*. at 18-19.   However, Defendant

Silva joined the instant Motion and consents to litigating the matter in the Middle District of

Florida.   (Mot. at 1, 12).   Section 1404(a) expressly permits transfer "to any district… to which

all parties have consented."   28 U.S. Code § 1404(a).

Plaintiff does not dispute that Defendant Silva did not consent to the same.   Although Silva

may not have signed the Agreement, the claims against him arise entirely from his role as a

Terminal Manager for Quality Carriers and are derivative of the claims against Quality Carriers.

---

[1] In Plaintiff's Motion for Leave to File A Sur-reply, Plaintiff also argues that the vast majority of the work performed
was in New Jersey, thus Plaintiff is subject to the protections of New Jersey's wage laws.   Sur. at 1-2.   Plaintiff's
argument, again, falls outside of the scope of this Court's inquiry.   Assuming, arguendo, that most of the work was
done in New Jersey, this Court's inquiry at this stage is still limited to establishing *where* Plaintiff's claims should be
heard, *not* whether New Jersey substantive law should govern the dispute.   There is no dispute that Plaintiff signed
the Agreement containing the mandatory forum-selection clause, and Plaintiff has not met its burden under *Atlantic
Marine* of establishing why public interest considerations warrant ignoring the selected forum.

Compl. ¶¶ 5, 26-30.  Further, his joining of the Motion constitutes affirmative consent to the transfer of the venue, which, in conjunction with the forum-selection clause to which all remaining parties have consented, satisfies consent under 1404(a).

Thus, the Court finds that Defendant Silva's failure to sign the Agreement containing the forum-selection clause does not alter the Court's analysis.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer (Dkt. No. 10) is **GRANTED**, and the Court shall transfer the case to the United States District Court for the Middle District of Florida.

An appropriate Order accompanies this Opinion.

   /s/ Stanley R. Chesler
THE HON. STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2026